UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Zachariah G.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:21-cv-1600

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") denial of benefits in this Social Security case. R&R, ECF No. 15.

Plaintiff timely objected to the R&R, and the Court reviews the properly objected-to portions de novo. Obj., ECF No. 16; Fed. R. Civ. P. 72(b).

Plaintiff argues on objection that the Administrative Law Judge ("ALJ") improperly analyzed both the medical records and the opinion evidence. The Court considers each contention.

### I.    Medical Records

Regarding the medical records, Plaintiff argues the ALJ improperly focused on those periods of time during which Plaintiff's symptoms demonstrated an ability to function, thereby ignoring that mental health symptoms typically wax and wane. Obj. 1–2, ECF No. 16. Plaintiff also contends the ALJ failed to even

consider whether the gaps in Plaintiff's treatment were caused by the mental impairments. *Id.*

In his Statement of Specific Errors, however, Plaintiff complained only that the ALJ improperly weighed opinion evidence. Thus, the Court will not consider Plaintiff's arguments regarding the ALJ's discussion of medical records as a stand-alone objection. Rather, the Court will consider the argument only to the extent it is pertinent to the ALJ's analysis of Dr. de Leon's opinion, which is the sole issue properly preserved for review.[1]

## II. Opinion Evidence

New regulations apply to claims filed on or after March 27, 2017. Pursuant to those regulations, an ALJ does "not defer or give any specific evidentiary weight . . . to any medical opinion(s)." 20 C.F.R. § 416.920c(a). Rather, "[w]hen a medical source provides one or more medical opinions . . . , [the ALJ] will consider those medical opinions . . . from that medical source together using" factors outlined in the Code of Federal Regulations. *Id.* The factors an ALJ must consider when evaluating the persuasiveness of a medical opinion are: supportability, consistency, relationship with the claimant, specialization, and any

---

[1] Similarly, the Court considers only the ALJ's analysis of Dr. de Leon's May 2019 opinion, because the ALJ concluded that Dr. de Leon's January 2018 letter and his January 2020 letter were not medical opinions under 20 C.F.R. § 404.1513(a)(2) and were therefore neither inherently valuable nor persuasive. Tr. 25, 26, ECF No. 8-2 at PAGEID ## 63–64. The Magistrate Judge concluded the ALJ had no duty to provide any analysis regarding such letters, R&R 14, ECF No. 15 (citing 20 C.F.R. § 404.1520b); *see also* 20 C.F.R. § 416.920b(c), and Plaintiff does not object to this finding.

other factors that support or contradict the medical opinion. 20 C.F.R. § 416.920c(c)(1)–(5). The most important factors, however, are supportability and consistency. 20 C.F.R. § 416.920c(a), (b)(2).

An ALJ must articulate in their decision how persuasive they found the medical opinion. 20 C.F.R. § 416.920c(b). Moreover, because they are the most important factors, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's opinion[]." 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required to, explain how they considered the other factors. *Id*.

With regard to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). As to consistency, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be." 20 C.F.R. § 416.920c(c)(2).[2]

Plaintiff's first contention is that the ALJ violated the regulations by failing to refer to Dr. de Leon's treatment records when evaluating the supportability of Dr. de Leon's May 2019 opinion. Obj. at 2, ECF No. 16.

---

[2] These regulations are the same for Disability Insurance Benefits. 20 C.F.R. § 404.1520c.

Plaintiff's objection is overruled. The ALJ did explain that Dr. de Leon's treatment notes do not contain objective findings. Tr. 25, ECF No. 8-2 at PAGEID # 63. She further explained that Dr. de Leon's treatment notes were based on Plaintiff's subjective allegations, lacked any documentation of mini mental status examinations, and lacked details regarding Plaintiff's mental functioning. *Id.* These explanations were contained in the portion of the decision discussing Dr. de Leon's 2018 letter, but they apply equally to Dr. de Leon's May 2019 opinion.[3] The ALJ's decision therefore adequately addresses the supportability of Dr. de Leon's opinion.

Plaintiff next argues the ALJ's analysis of the consistency between Dr. de Leon's May 2019 opinion and the other record evidence was erroneous. Obj. 2–5, ECF No. 16. The Court has performed a de novo review of the entire record and finds the ALJ's analysis was sufficient and supported by substantial evidence. Plaintiff's objections ultimately amount to asking the Court to reweigh the evidence—which is not the Court's prerogative. Although there was certainly record evidence suggesting Plaintiff's mental health disorders resulted in functional limitations, the ALJ did not "cherry pick" the record to support her

---

[3] Importantly, although Plaintiff states that Dr. de Leon's treatment notes support his May 2019 opinion, Plaintiff offers no citation for that proposition. To the contrary, the Court's de novo review of Dr. de Leon's treatment notes show they do *not* contain objective findings or detailed findings regarding Plaintiff's mental functioning that support Dr. de Leon's May 2019 functional assessment. The treatment notes instead merely recount Plaintiff's subjective statements and state, generally, that Plaintiff often appeared anxious, which, contrary to Plaintiff's objection, is not a finding regarding Plaintiff's functioning.

decision to give little weight to Dr. de Leon's May 2019 opinion. Moreover, the ALJ's residual functional capacity adequately took Plaintiff's mental health limitations into account; she limited him to, *inter alia*, "occasional, brief interaction with coworkers and supervisors and no interaction with the public." Tr. 17, ECF No. 8-2 at PAGEID 55.

Plaintiff's objections are **OVERRULED**. The R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgement for Defendant and terminate this case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**